UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW OSTRANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01586 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Matthew Ostrander's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed October 8, 2008. (Doc. No. 1). Because this Court has determined that Ostrander's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Ostrander's claims are based, this Court decides this matter without an evidentiary hearing. See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

## **BACKGROUND**

On February 8, 2007, a Grand Jury indicted Matthew Ostrander, and he was charged with one count of Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). (United States v. Matthew Ostrander, 4:07CR0094 JCH). On July 5, 2007, Ostrander pled guilty to the one count indictment pursuant to a written plea agreement. (United States v. Matthew Ostrander, 4:07CR0094 JCH, Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), Doc. No. 32; see also Government's Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 18, United States Code, Section 2255 ("Response"), Doc. No. 3). In the Plea Agreement, the Office of the United States Attorney for the Eastern District of

Missouri agreed not to prosecute further Ostrander relative to his possession of child pornography on August 24, 2006 in exchange for his guilty plea. Ostrander was sentenced to 84 months in prison and a lifetime of supervised release. (Response, p. 2). Ostrander did not directly appeal his conviction and sentence.

In this action, Ostrander argues that he was improperly sentenced according to the November 2006 Sentencing Guidelines, rather than when the crime occurred. (Motion, p. 3). Ostrander states that, under the 2006 Sentencing Guidelines, he was subject to a term of life of supervised release, but the 2003 Sentencing Guidelines mandate only a 5 year term of supervised release. (Id.).[1]

## STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne

---

[1] Although the offense occurred on August 24, 2006, Ostrander argues that the 2003 Sentencing Guidelines should apply.

v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court, however, may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'"  Marquez v. United States, No. 4:07CV361, 2008 U.S. Dist. LEXIS 82965, *5 (E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

## DISCUSSION

### I. WAIVER OF RIGHT TO PURSUE POST-CONVICTION RELIEF

A defendant's plea agreement can waive the right to seek section 2255 post-conviction relief, except for the right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel or prosecutorial misconduct.  Deroo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); United States v. Clayborn, 249 Fed. Appx. 495 (8th Cir. 2007).  Here, Ostrander waived his right to file a claim for post-conviction relief in the Plea Agreement:

> (2) Habeas Corpus: The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Plea Agreement, pp. 3-4.  During the plea colloquy, this Court reviewed Ostrander's waiver of his post-conviction rights and Ostrander stated that he understood that he was waiving those rights.  (Response, p. 3).

On numerous occasions, the Eighth Circuit has stated that a defendant can knowingly waive section 2255 collateral attack rights in a plea agreement and has acknowledged the permissibility of including these waivers in plea agreements. United States v. Andis, 333 F.3d 886, 889 (8th Cir. 2003)(en banc) (setting forth criteria for enforcing waivers). "[W]aivers are important tools in the plea bargaining process because they 'preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government.'" United States v. Mendoza, 341 F.3d 687, 695 (8th Cir. 2003)(quoting DeRoo, 223 F.3d at 923).

The record reflects that Ostrander understood and voluntarily accepted the terms of the plea agreement, including the waiver of his appellate and post-conviction rights. This habeas petition falls within the scope of the waiver; and no injustice would result from its enforcement. Because Ostrander waived his right to habeas relief in his plea agreement and because his waiver was voluntarily and intelligently made, the Court dismisses his claim on that basis.

## II. STATUTE PROVIDES FOR SENTENCE IMPOSED

In addition, the record demonstrates that the Court imposed the proper sentence. 18 U.S.C. §3553(a)(4)(A)(ii) provides that the Court should apply the Sentencing Guidelines "in effect on the date the defendant is sentenced". The Sentencing Guidelines Policy Statements, Section 1B1.11, likewise provides that the Court shall apply the Sentencing Guidelines "in effect on the date that the defendant is sentenced." The only exception to this rule is if the sentence would violate the *ex post facto* clause. See United States v. Zimmer, 299 F.3d 710, 717 (8th Cir. 2002) ("As a general rule, the sentencing court should apply the Sentencing Guidelines in effect at the time of sentencing unless doing so is violative of the *ex post facto* clause.") (citation omitted); Sentencing Guidelines Policy Statements Section 1B1.11(b)(1) ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States

Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of the conviction was committed.").

Here, the offense occurred on August 24, 2006, and the sentencing date was October 18, 2007. Thus, the November, 2006 Sentencing Guidelines would apply based upon the date of sentencing, unless the November, 2005 Sentencing Guidelines, in effect at the time of the offense, provided for a lesser punishment and, consequently, posed an *ex post facto* problem. The applicable Sentencing Guideline, Section 5D1.2(b)(2), however, did not pose an *ex post facto* problem because both the 2005 Sentencing Guidelines and the 2006 Sentencing Guidelines provided for a lifetime of supervised release. Accordingly, even if he had not waived his rights, Ostrander has no basis for relief on the substance of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Matthew Ostrander's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 17th day of February, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE